IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| PARDEEP KUMAR,<br><br>               Plaintiff,<br><br>vs.<br><br>PATRICK SCHILDT, VIOLET SCHILDT, KENNETH BIRD, in his individual and official capacity, and LAURA SOLLARS, in her individual and official capacity,<br><br>               Defendants. | CV-24-65-GF-BMM<br><br>**Order** |

## INTRODUCTION

Defendants Patrick W. Schildt and Violet Schildt (collectively "Schildts") have filed a Motion to Dismiss for lack of jurisdiction. (Doc. 9.) Plaintiff Pardeep Kumar ("Kumar") opposes the motion. (Doc. 21.) Defendants Kenneth Bird ("Bird") and Laura Sollars ("Sollars") have filed a Motion to Dismiss for lack of jurisdiction and failure to state a claim. (Doc. 13.) Kumar opposes the motion. (Doc. 23.) The Court held a hearing on these motions on December 10, 2024. (Doc. 26.)

## FACTUAL AND LEGAL BACKGROUND

Plaintiff Pardeep Kumar ("Kumar"), a non-member of the Blackfeet Nation, entered a Contract for Deed and Commercial Use Agreement ("the Contract") with Patrick and Violet Schildt ("the Schildts") to purchase the Glacier Way C-Store ("the Property"), a convenience store within the exterior boundaries of the Blackfeet Indian Reservation operated by the Schildts. (Doc. 14 at 7–12.)

The contract was the subject of a previous suit before this Court. *See Kumar v. Schildt*, CV 22-54-GF-BMM (D. Mont.) ("*Kumar I*"). The Court dismissed Kumar's claims because he failed to exhaust tribal court remedies before seeking review in federal court. (Doc. 24 at 12, *Kumar I*.)

Kumar then filed a complaint in Blackfeet Tribal Court and sought a temporary restraining order and preliminary injunction so Kumar could access the C-Store property. (Doc. 1, ¶¶ 33–35.) The Blackfeet Tribal Court granted Kumar's TRO/PI. (*Id.*) The Schildts appealed the TRO/PI to the Blackfeet Court of Appeals. (*Id.*, ¶ 36.) The Blackfeet Court of Appeals denied the Schildts' request to stay the TRO/PI. (*Id.*, ¶ 38.)

Kumar attempted to access the C-Store property on April 15, 2024. (*Id.*, ¶ 39.) Defendants Blackfeet Superintendent Bird and Deputy Superintendent Sollars arrived at the property in Bureau of Indian Affairs ("BIA") vehicles shortly after Kumar. (*Id.*, ¶ 40.) Bird and Sollars stopped and detained Kumar because Patrick

Schildt had filed a trespass complaint against Kumar. (*Id.*) Bird and Sollars also informed Kumar that he could be arrested if he made further attempts to access the store or property. (*Id.*, ¶ 41.)

Kumar filed a motion to reopen his first case in April 2024. (Doc. 27, *Kumar I.*) The Court held a hearing on the motion. (Doc. 35, *Kumar I.*) The Court instructed the parties to engage in a settlement conference, noting that if settlement discussions failed, Kumar could move forward in tribal court and then revisit federal court after the tribal court had made a final ruling. (*Id.*) No settlement conference occurred.

The Blackfeet Court of Appeals voided the TRO/PI on July 16, 2024, because the lower court relied on an outdated Blackfeet statute. (*Id.*, ¶ 46.) The Blackfeet Court of Appeals instructed the Tribal Court "to begin proceedings, without delay, on the underlying merits of Kumar's claims." (Doc. 10 at 3.) (internal citation omitted). Kumar now contends he is left without an adequate remedy within the tribal forum. (*Id.*, ¶ 48.) Kumar brings three claims against the Schildts that were alleged in the initial Complaint and two *Bivens* claims against Bird and Sollars. (Doc. 1, ¶¶ 49–81.)

## LEGAL STANDARDS

Defendants move to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A party invoking the federal court's jurisdiction has the burden of

3

proving the actual existence of subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A court must take as true the allegations in the plaintiff's complaint In reviewing a facial attack. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

Defendants Bird and Sollars also move to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires claimants to include in their complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint under the plausibility pleading standard of Rule 8(a)(2). *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal proves appropriate under Rule 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. *Mendiondo v. Centinela Hospital Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A court may dismiss a complaint "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A complaint must contain sufficient factual matter to state a plausible claim for relief on its face to survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim proves plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* The plausibility standard does not require probability, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court must "take[] as true and construe[] in the light most favorable to plaintiffs" all factual allegations set forth in the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted).

## DISCUSSION

Kumar argues that his *Bivens* claims against Bird and Sollars give the Court supplemental jurisdiction over his state law claims against the Schildts. (Doc. 10 at 5–7.) The Court determines that Kumar's *Bivens* claims fail and will dismiss Kumar's state law claims against the Schildts because Kumar still has failed to exhaust tribal court remedies.

### I. Kumar's *Bivens* Claims

Kumar bases his claims against Bird and Sollars on the Fourth and Fifth Amendments of the U.S. Constitution. (Doc. 1, ¶¶ 69–81.) Kumar does not dispute that his official capacity *Bivens* claims should be dismissed but contends that his individual claims should be allowed to proceed. (Doc. 23 at 5–6.) Kumar argues that his Fourth and Fifth Amendment claims are within the scope of *Bivens*. (Doc. 23 at 7–10.) Kumar argues that if the Fourth and Fifth Amendments do not support

his *Bivens* claim, factors exist to expand *Bivens* because Kumar has no alternative remedy in tribal court. (*Id.* at 10–13.) The Court disagrees.

A *Bivens* action allows parties to seek "damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). This right "is not an automatic entitlement" and should be construed narrowly. *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007); *see also Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017) (discussing the three times the United States Supreme Court has allowed a *Bivens* remedy).

The U. S. Supreme Court has recognized the following three instances where a *Bivens* claim would be proper:

(1) The Court recognized a Fourth Amendment claim was valid against law enforcement agents who searched the plaintiff's apartment without a warrant and arrested the plaintiff in connection with drug crimes. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971);

(2) The Court recognized a Fifth Amendment Equal Protection Claim brought by a former congressional staffer against a Congressman who admitted to firing the staffer because she was a woman. *Davis v. Passman*, *Davis v. Passman*, 442 U.S. 228, 230 (1979); and

(3) The Court recognized an Eighth Amendment claim by the estate of a deceased prisoner against Bureau of Prison officials who failed to treat the prisoner's asthma, which allegedly caused the prisoner's death. *Carlson v. Green*, 446 U.S. 14, 16, n.1 (1980).

A court may consider extending *Bivens* if the claim is not directly analogous to the recognized *Bivens* claim.

A court engages in a two-step inquiry when determining whether to extend *Bivens*. *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020). The court determines if the claim arises in a "new context" or is made against a "new category of defendants." *Id.* The second step requires a court to consider "whether there are any special factors that counsel hesitation about granting the extension." *Id.* (internal quotations and citation omitted). The U. S. Supreme Court views the expansion of *Bivens*, however, as "a disfavored judicial activity." *Ziglar*, 528 U.S. at 121 (internal quotations and citation omitted); *see also Egbert v. Boule*, 596 U.S. 482, 486 (2022) (discussing 11 times the Court has declined to expand a *Bivens* remedy).

Kumar fails to show how his Fourth and Fifth Amendment claims are analogous. The Court further declines to extend *Bivens*. Kumar alleges Bird and Sollars violated his Fourth Amendment rights by detaining him and preventing him from accessing the C-Store property without a warrant. (Doc. 1, ¶ 72.) Kumar's claim differs from *Bivens*. *Bivens* involved agents from the Federal Bureau of Narcotics. 403 U.S. at 389–90. Kumar's claim involves the BIA. *Bivens* involved the search and seizure by law enforcement. *Id.* Kumar's claim involves civilian employees of the BIA. *Bivens* involved the search of a home. *Id.* Kumar does not claim Bird or Sollar searched the property. *Bivens* involved an arrest. *Id.* Bird and

Sollars did not arrest Kumar, and Kumar was not criminally charged. Kumar's claim also involves a sovereign—the Blackfeet Nation—unlike *Bivens*.

Kumar alleges Bird and Sollars violated his Fifth Amendment rights by interfering with his property rights. (Doc. 1, ¶ 79.) The U. S. Supreme Court has not recognized a *Bivens* procedural or substantive due process claim. *See Abbasi*, 582 U.S. at 135. The Ninth Circuit and this Court likewise have rejected such claims. *See e.g. Marquez v. C. Rodriguez*, 81 F.4th 1027 (9th Cir. 2023); *Clements v. Comprehensive Sec. Servs., Inc.*, 2021 WL 22116 (D. Mont. Jan. 4, 2021). Kumar's claim differs from *Davis*, where the U. S. Supreme Court recognized a *Bivens* claim under the Fifth Amendment for employment discrimination. 442 U.S. at 230 (1979).

Kumar attempts to support his Fifth Amendment *Bivens* claim by relying on *Lanuza v. Love*. 899 F.3d 1019 (9th Cir. 2018). The Ninth Circuit recognized a *Bivens* claim in *Lanuza* "where a government immigration attorney intentionally submitted a forged document in an immigration proceeding to completely bar an individual from pursuing relief to which he was entitled." *Id.* at 1034. The Ninth Circuit recognized the *Bivens* claim only after completing the two-step analysis and finding that the claim arose in a "new context" and "special factors" warranted recognition of the claim. *Id.* at 1028–34; *Hernandez*, 589 U.S. at 102. Kumar alleges that his Fifth Amendment *Bivens* claim arises in an established context, not

a new one. (Doc. 23 at 7–9.) Kumar misplaces reliance *Lanuza* because his claim arises in a new context. *See Davis*, 442 U.S. 228.

Kumar cannot meet the second step of the analysis to establish a new *Bivens* claim because alternative remedies exist. The availability of an alternative remedy defeats the need to extend the application of *Bivens*. *Egbert v. Boule*, 596 U.S. 482, 493 (2022). Bird and Sollars correctly recognize that Congress and the Department of Interior ("DOI") have created ways for the public, such as Kumar, to report alleged misconduct by DOI employees. (Doc. 14 at 23.); *see* 5 U.S.C. §§ 401 et seq. The Ninth Circuit also has recognized that an ability to report alleged misconduct is enough to avoid extending *Bivens*. *See e.g. Mejia v. Miller*, 61 F.4th 663 (9th Cir. 2023) (determining that the ability to report alleged misconduct via the Department of Interior's Office of Inspector General provides a sufficient alternative remedy). Kumar does not address why reporting Bird's and Sollars's actions to the Office of Inspector General would not provide an adequate remedy. The Court concludes that Kumar's ability to report Bird's and Sollars's alleged misconduct provides an alternative remedy that precludes Kumar's *Bivens* claims. *Egbert*, 596 U.S. at 493. The Court will dismiss Kumar's *Bivens* claims against Bird and Sollars.

## II. Kumar's Claims Against the Schildts

Kumar asserts the same three claims against the Schildts that Kumar asserted in *Kumar I*. The Court dismissed those claims because Kumar had failed to exhaust tribal remedies. (Doc. 24, *Kumar I*.) The Court finds that Kumar still has failed to exhaust tribal remedies and declines to exercise supplemental jurisdiction over Kumar's claims against the Schildts, given the dismissal of Kumar's *Bivens* claims.

Kumar argues that the involvement of federal agents warrants conferring jurisdiction to resolve his declaratory judgment claim. (Doc. 21 at 7–8.) The Court finds Kumar's argument an improper attempt to usurp the sovereign authority of the Blackfeet Nation. When claims, such as Kumar's claims against Bird and Sollars, are temporally and substantively distinct from other claims, like Kumar's state law claims against the Schildts, a court can decline to exercise jurisdiction. *See Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1173 (9th Cir. 2002) (declining to apply supplemental jurisdiction given the case did not "derive from a common nucleus of operative fact"). The exercise of supplemental jurisdiction is also discretionary. *Id.* at 1174. Kumar's claims against the Schildts originate from the sale of property in 2022. Kumar's claims against Bird and Sollars originate from an interaction between Kumar and Bird and Sollars. Kumar's interaction with Bird and Sollars occurred at the property subject to Kumar's claims against the Schildts.

The claims prove distinct. The Court declines to exercise supplemental jurisdiction.

Kumar argues finally that he lacks a remedy in tribal court. (Doc. 21 at 8–12.) The Court disagrees. The Blackfeet Court of Appeals instructed the Tribal Court "to begin proceedings, without delay, on the underlying merits of Kumar's claims." (Doc. 10 at 3.) (internal citation omitted). Kumar's claims of inaction, delay, and bias do not leave him without a remedy. Kumar has failed to adjudicate his claim in the Tribal Court. The Court encourages Kumar to adjudicate his claim in Tribal Court and respectfully urges the Tribal Court to issue a final decision promptly. Kumar remains free to revisit his claims in federal court once Kumar has adjudicated his claims in the Tribal Court and the Tribal Court has issued a final ruling.

## ORDER

Accordingly, **IT IS ORDERED** that Defendants' Motions to Dismiss (Doc. 9; Doc. 13) are **GRANTED**. Plaintiff's Complaint is Dismissed Without Prejudice.

Dated this 17th day of December, 2024.

_____
Brian Morris, Chief District Judge
United States District Court